UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RUSSELL L. LEE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 05-670 (GK) |
| | ) | |
| STATE COMPENSATION INSURANCE FUND, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

### MEMORANDUM OPINION

Plaintiff, Russell L. Lee, brings this action pro se against Defendants State Compensation Insurance Fund ("State Fund") and the Honorable Michael L. Rankin ("Judge Rankin") alleging civil conspiracy and intentional infliction of emotional distress relating to his "underlying action to enforce a California workers' compensation award." Compl. ¶ 1. This matter is before the Court on State Fund's Motion to Dismiss the Complaint and Request that the Court Restrain the Plaintiff from Filing Further Pleadings or Actions; Judge Rankin's Motion to Dismiss the Complaint; and Plaintiff's Motion for Summary Judgment. Upon consideration of the Motions, Oppositions,[1] and the entire record herein, and for the

---

[1] Plaintiff filed two Oppositions in response to State Fund's Motion. They are, in all relevant respects, identical. Neither Defendant filed a Reply.

reasons stated below, State Fund's Motion is **granted**; Judge Rankin's Motion is **granted**; and Plaintiff's Motion is **denied**.[2]

## I. BACKGROUND[3]

Plaintiff, a former employee of the California Department of Corrections, suffered work-related injuries in 1984 and 1985. See State Fund's Mot. at 2-3. State Fund handled Plaintiff's workers' compensation claim.[4] See id. at 3. State Fund is incorporated in California and has its principal place of business in San Francisco. See id. at 15. See also Compl. ¶ 5.

On January 20, 2004, Plaintiff filed a pro se complaint against State Fund in the District of Columbia Superior Court seeking enforcement of an award of the State of California's

---

[2] Plaintiff moves for summary judgment on the ground that he is "entitled to a judgment as a matter of law; there is no genuine issue as to any material fact." Pl.'s Mot. for Summ. J. at 3. Plaintiff bases his Motion "upon this motion, the Memorandum of Points and Authorities filed herewith, all pleadings, papers, records and documentary materials on file or deemed to be on file, those relevant matters of which this Court may properly take judicial notice and upon such other evidence and materials this Court may consider." Id. at 1. Plaintiff has offered else in support of his Motion. On this record, Plaintiff's Motion for Summary Judgment must be denied.

[3] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true and liberally construed in favor of the plaintiff. EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 625 (D.C. Cir. 1997). Therefore, the facts set forth herein are taken from the Complaint or from the undisputed facts presented in the parties' briefs.

[4] State Fund is a non-profit public enterprise fund that was created by the California legislature to act as the insurer of last resort for California employers who are required to secure workers' compensation insurance. See State Fund's Mot. at 3.

Workers' Compensation Appeals Board.  <u>See</u> <u>id.</u> ¶¶ 6,7.  State Fund moved to dismiss for lack of personal jurisdiction and failure to state a claim.  <u>See</u> <u>id.</u> ¶ 8.  Judge Rankin dismissed the action, finding that "Plaintiff has failed to show that the D.C. Superior Court has personal jurisdiction.  Moreover, he failed to state a cognizable claim."[5]  <u>Id.</u> ¶ 9.

On April 4, 2005, Plaintiff filed the instant action alleging that "[p]roceeding hand-in-glove to deny the application of Full Faith and Credit in Plaintiff's underlying action to enforce a California workers' compensation award, Defendants are engaged in a corrupt civil conspiracy to defraud and defrauded Plaintiff of considerable workers' compensation, discriminating against him in violation of his right to due process procedure and by treating him differently from similarly situated individuals in violation of the Human Rights Act of the District of Columbia, under color and

---

[5] Plaintiff appealed the dismissal of that D.C. Superior Court action. To date, that appeal is still pending. On May 13, 2004, Plaintiff filed a second D.C. Superior Court action against State Fund relating to his workers' compensation award. <u>See</u> State Fund's Ex. 48. On March 2, 2005, the court dismissed that action. <u>See</u> State Fund's Ex. 50. On November 29, 2004, Plaintiff filed a third D.C. Superior Court action against State Fund. <u>See</u> State Fund's Ex. 54. On March 7, 2005, the court dismissed that action for lack of personal jurisdiction and failure to state a claim. <u>See</u> State Fund's Ex. 56. On March 10, 2005, Plaintiff filed a fourth D.C. Superior Court action against State Fund and various individuals. <u>See</u> State Fund's Ex. 57. To date, that action is still pending. On March 11, 2005, Plaintiff filed a fifth D.C. Superior Court action against State Fund. <u>See</u> State Fund's Ex. 59. That action is also still pending.

pretense of law but based on racial animus."[6]  Compl. ¶ 1. Plaintiff seeks (1) "a permanent injunction enjoining Judge Rankin from refusing the application of Full Faith and Credit in cases where warranted," id. at 6; (2) "costs and attorney fee[s]," id. at

---

[6] To date, Plaintiff has filed five other actions in this Court against State Fund and various other individuals relating to his workers' compensation award, all of which have been dismissed for lack of personal jurisdiction.  On December 9, 2002, Plaintiff filed his first D.C. District Court action against State Fund. See State Fund's Ex. 22 (Lee v. State Comp. Ins. Fund, No. 02cv2411 (EGS) (D.D.C.)).  On September 9, 2003, the court dismissed that action for lack of personal jurisdiction. See State Fund's Ex. 24. On February 7, 2003, Plaintiff filed a second D.C. District Court action against State Fund. See State Fund's Ex. 25 (Lee v. State Comp. Ins. Fund, No. 03cv203 (EGS) (D.D.C.)).  On February 26, 2004, the court dismissed that action for lack of personal jurisdiction. See Lee v. State Comp. Ins. Fund, No. 03cv203 (EGS), February 26, 2004, Order.  On September 23, 2003, Plaintiff appealed the dismissal of his first and second D.C. District Court actions. See State Fund's Ex. 29.  On March 14, 2005, the Court of Appeals affirmed that dismissal. See State Fund's Ex. 28.  On August 25, 2003, Plaintiff filed a third D.C. District Court action against State Fund and various individuals. See State Fund's Ex. 30 (Lee v. State Comp. Ins. Fund., No. 03cv1785 (EGS) (D.D.C.).  On February 26, 2004, the court sua sponte dismissed that action for lack of personal jurisdiction. See State Fund's Ex. 32.  On September 29, 2003, Plaintiff filed a fourth D.C. District Court action against State Fund and various individuals. See State Fund's Ex. 33 (Lee v. Camp, et al., No. 03cv2015 (EGS) (D.D.C.)). On February 26, 2004, the court sua sponte dismissed that action for lack of personal jurisdiction. See State Fund's Ex. 35.  On January 2, 2004, Plaintiff filed a fifth D.C. District Court action against State Fund. See State Fund's Ex. 36 (Lee v. State Comp. Ins. Fund, No. 04cv01 (EGS) (D.D.C.)).  On February 26, 2004, the court dismissed that action for lack of personal jurisdiction. See State Fund's Ex. 38.

Plaintiff has also filed more than one dozen actions against State Fund and various individuals in California state and federal court and Georgia federal court, all of which were dismissed for lack of jurisdiction and/or failure to state a claim. See State Fund's Exs. 1-21.

7; and (3) "such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff's rights and to prevent its reoccurrence." Id.

On April 22, 2005, State Fund filed its Motion to Dismiss the Complaint and Request that the Court Restrain the Plaintiff from Filing Further Pleadings or Actions.  State Fund argues that this action should be dismissed for three reasons.  First, it claims that it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. See State Fund's Mot. at 12-20.  Second, it argues that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process.  See id. at 20. Third, it maintains that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Specifically, it argues that the Complaint "contains allegations which are not intelligible." Id.  State Fund also claims that "the Court should restrain [Plaintiff] from filing other pleadings in this action and from filing further actions against [it]." Id. at 23.

On May 9, 2005, Judge Rankin filed his Motion to Dismiss the Complaint.  He argues that "the complaint as to [him] should be dismissed because his judicial actions are protected by absolute immunity."  Rankin's Mot. at 3.

On June 22, 2005, Plaintiff filed his Motion for Summary Judgment.

**II. ANALYSIS**

**A. State Fund's Motion to Dismiss Must Be Granted because the Court Lacks Personal Jurisdiction Over State Fund**

State Fund argues that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing a factual basis for personal jurisdiction over the defendants. See Crane v. New York Zoological Society, 894 F.2d 454, 456 (D.C. Cir. 1990). Thus, the plaintiff must allege specific acts connecting the defendant with the forum. Second Amendment Found. v. United States Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). The Court need not treat all of the plaintiff's allegations as true when determining whether personal jurisdiction exists over the defendant. Instead, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." United States v. Philip Morris, Inc., 116 F.Supp.2d 116, 120, n.4 (D.D.C. 2000) (citing R. Miller, Federal Practice and Procedure § 1351 (1990)). However, the Court should resolve any factual discrepancies with regard to the existence of personal jurisdiction in favor of the plaintiff. See Crane, 894 F.2d at 456.

In the District of Columbia, there are three statutory bases for the exercise of personal jurisdiction over a corporation. The plaintiff may establish "general" personal jurisdiction under D.C. Code Section 13-334(a)[7] or D.C. Code Section 13-422.[8] The plaintiff may establish "specific" personal jurisdiction under D.C. Code Section 13-423, the District of Columbia's long-arm statute.[9]

---

[7] "In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting business...." D.C. Code Ann. § 13-334(a).

[8] "A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or her place of business in, the District of Columbia as to any claim for relief." D.C. Code Ann. § 13-422.

[9] D.C. Code § 13-423 provides, in relevant part,

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --

    (1) transacting any business in the District of Columbia;

    (2) contracting to supply services in the District of Columbia;

    (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

    (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the

(continued...)

The test for general jurisdiction is whether defendant's contacts with the District of Columbia are "continuous and systematic." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509 (D.C. Cir. 2002). Furthermore, the exercise of either specific or general jurisdiction must meet the constitutional minimum required for due process. See id. The requirements of due process "'are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe Co. v. Washington, 326

---

[9](...continued)
        District of Columbia;

  (5)  having an interest in, using, or possessing real property in the District of Columbia;

  (6)  contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

  (7)  marital or parent and child relationship in the District of Columbia[.]

(b)  When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423(a).

U.S. 310, 316, (1945)) (internal quotations omitted)). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and privileges of its laws." <u>Asahi Metal Indus. v. Super. Ct. of Cal.</u>, 480 U.S. 102, 109 (1987). In short, a court will find minimum contacts in any case where the defendant's conduct is such that "he should reasonably anticipate being haled into court" in the forum. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

In the instant case, it is clear that Plaintiff has not met his burden of showing general personal jurisdiction over State Fund under Sections 13-334(a) or 13-422. As State Fund correctly points out, "[Plaintiff] does not claim that State Fund is domiciled in, organized under the laws of, or maintains its principal place of business in the District of Columbia. In fact, [Plaintiff] correctly states that State Fund is a California corporation with its principal place of business located in San Francisco, California. In addition, [Plaintiff] has not alleged that the State Fund has a continuing presence in the District of Columbia." State Fund's Mot. at 15. Thus, the Court lacks general personal jurisdiction over State Fund under Sections 13-334(a) and 13-422.

It is also clear that Plaintiff has not met his burden of showing specific personal jurisdiction over State Fund under Section 13-423. Section 13-423 makes clear that, where

jurisdiction is predicated solely upon the long-arm statute, "only a claim for relief arising from acts enumerated in this section may be asserted." D.C. Code Ann. § 13-423(b). As State Fund correctly points out, "D.C. Code Section 13-423(a)(2) is not applicable because State Fund does not contract to supply services in the District of Columbia. D.C. Code Section 13-423(a)(5) is not applicable because the State Fund does not own real property in the District of Columbia. Further, D.C. Code Section 13-423(a)(6) does not apply in that State Fund is not an insurer nor does it act as a surety in the District of Columbia. Finally, D.C. Code Section 13-423(a)(7) does not apply as this is not a family matter. Therefore, the only sections which can apply are D.C. Sections 13-423(a)(1), (3), and (4)." State Fund's Mot. at 16.

To invoke Section 13-423(a)(1), Plaintiff must show that State Fund "transact[s] [] business in the District of Columbia." D.C. Code Ann. § 13-423(a)(1). As State Fund correctly points out, however, it "[does] not transact business or have any enumerated contacts with the District of Columbia." State Fund's Mot. at 18. Rather, Plaintiff's interaction with State Fund occurred as a result of the injuries Plaintiff suffered while working in California. Pursuant to the workers' compensation award Plaintiff received as a result of those injuries, State Fund, the workers' compensation insurer for Plaintiff's employer, mails a check to Plaintiff on a regular basis. Since his claim arose, Plaintiff has

-10-

moved from California to Georgia and from Georgia to the District of Columbia, possibly residing in other states in between.

The fact that Plaintiff currently resides in the District of Columbia does not give this Court personal jurisdiction over State Fund. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985) ("a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person") (internal quotations and citations omitted).  Moreover, the fact that State Fund mails a check to Plaintiff on a regular basis does not constitute sufficient minimum contacts to support this Court's exercise of personal jurisdiction over State Fund.  See Lee v. State Comp. Ins. Fund, No. 02-2411 (EGS) (D.D.C.), September 9, 2003, Mem. Op. at 9 (citing Fries v. Norstar Bank, N.A., CIV.A. No. HAR 88-537, 1988 WL 75773, at *1 (D. Md. Aug. 31, 1988) ("the conduct of normal banking operations together with acceptance and endorsement of a check is not sufficient to meet the jurisdictional requirements of minimal contacts and due process")).  Accordingly, the Court cannot invoke Section 13-423(a)(1) to assert specific personal jurisdiction over State Fund.

To invoke Section 13-423(a)(3), Plaintiff must show that State Fund "caus[ed] tortious injury in the District of Columbia by an act or omission in the District of Columbia." D.C. Code Ann. § 13-423(a)(3).  As State Fund correctly points out, however, "the

alleged injury occurred in the State of California." State Fund's Mot. at 19.  Accordingly, the Court cannot invoke Section 13-423(a)(3) to assert specific personal jurisdiction over State Fund.

To invoke Section 13-423(a)(4), Plaintiff must show that State Fund "caus[ed] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [it] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code Ann. § 13-423(a)(4).  As State Fund correctly points out, however, "State Fund does no business in the District of Columbia, derives no revenue from the District of Columbia and engages in no course of conduct in the District of Columbia." State Fund's Mot. at 19.  Accordingly, the Court cannot invoke Section 13-423(a)(4) to assert specific personal jurisdiction over State Fund.

Therefore, for the foregoing reasons, State Fund must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[10]

---

[10] State Fund also argues that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  It is unnecessary to address these arguments in light of the Court's holding supra that State Fund must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**B.   Plaintiff's History of Groundless and Vexatious Litigation Warrants Injunctive Relief**

State Fund argues that "the Court should restrain [Plaintiff] from filing other pleadings in this action and from filing further actions against [it]." State Fund's Mot. at 23.

"Access to the courts is a fundamental tenet of our judicial system, and litigiousness alone is no reason to enjoin future litigation." Sparrow v. Reynolds, 646 F.Supp. 834, 839 (D.D.C. 1986) (internal citations omitted). At some point, however, a "continuous pattern of groundless and vexatious litigation will ... support an order against further filings or complaints without the permission of the courts." Id. (quoting In re Oliver, 682 F.2d 443, 446 (3rd Cir. 1982)). The Court concludes that Plaintiff has passed that point.[11] See infra, nn. 4,5.

Our Court of Appeals has held that when contemplating issuing an injunction in a case such as this, "it is incumbent upon the district court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." In re Powell, 851 F.2d 427, 431 (D.C.Cir. 1988). The Court is, therefore, required to "discern if the litigant is filing numerous, similar complaints, and whether the litigant is attempting to harass a particular

---

[11] The Court notes that in 1999, the United States District Court for the Northern District of California declared Plaintiff a "vexatious litigant" and put in place a pre-filing injunction. See State Fund's Ex. 1 (Lee v. Workers' Compensation Appeals Board, et al., No. 99cv3939 (MHP), November 18, 1999, Order).

-13-

adversary." Id.  In making such an assessment, the Court of Appeals has instructed that "[b]oth the number and content of the filings bear on a determination of frivolousness or harassment." Id. at 434.  The Court finds that, in accordance with the principles articulated in In re Powell, and those outlined earlier, an injunction should issue.[12]

### C. Judge Rankin's Motion to Dismiss Must Be Granted because Plaintiff Has Failed to Show that He Will Again Suffer the Alleged Injury

Judge Rankin argues that "the complaint as to [him] should be dismissed because his judicial actions are protected by absolute immunity." Rankin's Mot. at 3.

In this case, Plaintiff seeks, among other things, "a permanent injunction enjoining Judge Rankin from refusing the application of Full Faith and Credit in cases where warranted." Compl. at 6.  While such a claim for injunctive relief is not barred by judicial immunity, see Wagshal v. Foster, 28 F.3d 1249, 1251-52 (D.C. Cir. 1994) (citing Pulliam v. Allen, 466 U.S. 522, 528-43 (1984) ("judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity")), Plaintiff has alleged no likelihood whatever that he

---

[12] The Court notes that Plaintiff has not objected to State Fund's request for injunctive relief.  He has neither contested the reasonableness of the injunction sought nor asked for a hearing at which to contest the propriety of an injunction in this case. Whatever his reason, he has waived any due process objections he might have raised to State Fund's request.  See Sparrow, 646 F.Supp. at 840.

himself will again suffer the alleged injury.  See Wagshal, 28 F.3d at 1252 (citing Los Angeles v. Lyons, 461 U.S. 95, 105-10 (1983)). Accordingly, Judge Rankin's Motion to Dismiss must be granted.

**III. CONCLUSION**

Accordingly, for the foregoing reasons, State Fund's Motion is **granted**; Judge Rankin's Motion is **granted**; and Plaintiff's Motion is **denied**.

An Order will issue with this Memorandum Opinion.


July 12, 2005                         __/s/_____
                                      Gladys Kessler
                                      U.S. District Judge